UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONDELL McGEE,

                     Plaintiff,

-against-

P.O. TERRENC DOYLE, et al.,

                     Defendants.

ORDER OF SERVICE

7:24-CV-4772 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Rondell McGee, who is currently held in the Westchester County Jail, brings this *pro se* action seeking damages and injunctive relief, specifically, either the termination of the defendants' employment or their retraining, as well as his release from confinement. Plaintiff alleges that he is a pretrial detainee, and he sues the following individuals, who all appear to be members of the Yonkers Police Department: (1) Police Officer "Terrenc" Doyle; (2) Police Officer Shaban Khan (or Khan Shaban); (3) Police Officer Nee Lauren (or Lauren Nee); (4) Police Officer Mark Mendelson; and (5) Police Officer "Doe" Spano. The Court construes Plaintiff's claims for relief, other than his claims for his release from confinement, as brought under 42 U.S.C. § 1983. The Court also construes the complaint as asserting associated claims under state law. With respect to Plaintiff's claims for relief in which he seeks his release from confinement, the Court construes such claims as seeking pretrial *habeas corpus* relief under 28 U.S.C. § 2241.

      By order dated July 24, 2024, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court: (1) directs service on the

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

defendants; and (2) dismisses Plaintiff's claims for Section 2241 *habeas corpus* relief without prejudice.

## DISCUSSION

A. **Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue summonses for the defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of the summonses and the complaint upon the defendants.

If the summonses and the complaint are not served within 90 days after the date that summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

**B.     Section 2241 *habeas corpus* relief**

The Court understands Plaintiff's claims for relief in which he seeks his release from confinement as claims for *habeas corpus* relief under 28 U.S.C. § 2241. Under Section 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition brought under 28 U.S.C. § 2254, but such relief is available, under Section 2241, to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See, e.g.*, *Casiano v. N.Y. State Niagara Cnty.*, No. 24-CV-03850, 2024 WL 3318225, at *1 (S.D.N.Y. June 17, 2024); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-06082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

There is no rule within this Circuit preventing a litigant from seeking Section 1983 relief and *habeas corpus* relief in the same pleading. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008). Before seeking Section 2241 *habeas corpus* relief, however, a state pretrial detainee must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While . . . Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Plaintiff alleges nothing to suggest that he has exhausted all of his available state-court remedies to challenge his pretrial detention before filing the present action. Accordingly, the Court

dismisses Plaintiff's claims for Section 2241 *habeas corpus* relief without prejudice to Plaintiff's filing a petition for a writ of *habeas corpus* under Section 2241 after he has exhausted all of his available state-court remedies.[3]

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs service on the defendants.

The Court dismisses Plaintiff's claims for Section 2241 *habeas corpus* relief without prejudice to Plaintiff's filing a petition for a writ of *habeas corpus* under Section 2241 after he has exhausted all of his available state-court remedies.

The Court further directs the Clerk of Court to: (1) issue summonses for (a) Police Officer Terrenc Doyle, (b) Police Officer Shaban Khan (or Khan Shaban) (Shield No. 423 or 428), (c) Police Officer Nee Lauren (or Lauren Nee) (Shield No. 942), (d) Police Officer Mark Mendelson, and (e) Police Officer "Doe" Spano (Shield No. 926); (2) complete USM-285 forms with the service addresses for those defendants, and; (3) deliver all documents necessary to effect service of summonses and the complaint upon those defendants to the USMS.

Because Plaintiff has not, at this time, made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[3] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous related *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a Section 2241 *habeas corpus* petition may restrict a litigant's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* litigant notice and an opportunity to withdraw the submission before a court recharacterizes it as a Section 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because denial of *habeas corpus* relief without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
        August 26, 2024

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Police Officer Terrenc Doyle
   Yonkers Police Department
   Fourth Precinct
   53 Shonnard Place
   Yonkers, New York 10701

2. Police Officer Shaban Kahn (or Kahn Shaban), Shield No. 423 or 428
   Yonkers Police Department
   Fourth Precinct
   53 Shonnard Place
   Yonkers, New York 10701

3. Police Officer Police Officer Nee Lauren (or Lauren Nee), Shield No. 942
   Yonkers Police Department
   Fourth Precinct
   53 Shonnard Place
   Yonkers, New York 10701

4. Police Officer Mark Mendelson
   Yonkers Police Department
   Fourth Precinct
   53 Shonnard Place
   Yonkers, New York 10701

5. Police Officer Doe Spano, Shield No. 926
   Yonkers Police Department
   Fourth Precinct
   53 Shonnard Place
   Yonkers, New York 10701