UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RONDELL MCGEE,

                Plaintiff,                    **ANSWER**

    -against-                     24-CV-04772 (PMH)

P.O. TERRENCE DOYLE, et al.,

                Defendants.
------------------------------------------------------------------------X

For the Answer to the Complaint of Plaintiff in the above-entitled case, Defendants, by and through their attorneys, Portale Randazzo LLP, say:

1.      Defendants deny the allegations set forth in paragraph "I" of the Complaint, titled LEGAL BASIS FOR CLAIM.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "II" of the Complaint, titled PLAINTIFF INFORMATION.

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "III" of the Complaint titled, PRISONER STATUS.

4.      Defendants admit the allegation set forth in paragraph designated "IV" of the Complaint titled, DEFENDANT INFORMATION, that the referenced individuals are employed as police officers by the City of Yonkers.

5.      Defendants deny upon information and belief, each and every allegation set forth in paragraph designated "V" of the Complaint titled, STATEMENT OF CLAIM.

6.      Defendants deny the allegations set forth in paragraph designated "VI" of the Complaint titled, RELIEF.

7.    Defendants deny knowledge or information to form a belief as to the truth of any of the allegations set forth in paragraph designated "VII" of the Complaint titled, PLAINTIFF'S CERTIFICATION AND WARNINGS and respectfully refer all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.    Plaintiff fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9.    There was probable cause to enter and search the subject premises.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10.    There were exigent circumstances permitting the entry and search of the subject premises.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11.    There was probable cause to arrest the Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12.    There was probable cause to prosecute the Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13.    At all times relevant hereto, Defendants acted in good faith and took appropriate action in the discharge of their official duties.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14.    Defendants, to the extent they are sued in their individual capacities, are entitled to qualified immunity under federal and state law since at all times they acted in good faith in the discharge of their job duties and their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15.    Defendants at all relevant times acted in accordance with all laws, rules and regulations and pursuant to their statutory authority.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

16.     Any conduct which is alleged by Plaintiff is *de minimis* and as such the allegations fail to establish a claim under 42 U.S.C. § 1983.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

17.     Any harm which came to Plaintiff was a direct and proximate result of Plaintiff's own actions.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

18.     Any force used by the Defendants was reasonable, lawful and/or justified under the circumstances.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19.     Any past expenses incurred by Plaintiff for medical care, psychological care, loss of earnings, or other economic loss has been, or will be, replaced or indemnified in whole or in part from a collateral source, as defined in N.Y. C.P.L.R. 4545(c) and, consequently, if any damages are recoverable against the Defendants then the amount of such damages must be diminished by the amount that Plaintiff received, or will receive, from the collateral source.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

20.     Upon information and belief, Plaintiff failed to mitigate his damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

21.     Defendants did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

22.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening and/or superseding conduct of persons or entities

over whom the Defendants did not have control and for whose conduct the Defendants are not liable, and/or was not the proximate result of any act of the Defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

23.    Defendants acted reasonably, properly, and in the lawful exercise of their discretion.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

24.    If Plaintiff obtains a verdict against Defendants, then Defendants are entitled to all rights, remedies and setoff of damages pursuant to Article 15 of New York's General Obligations Law.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

25.    Defendants are entitled to limitations of liability pursuant to New York C.P.L.R. Article 16.

**WHEREFORE,** the Defendants pray judgment that the Complaint of the Plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to the Defendants.

Dated: White Plains, New York
      October 2, 2025

                    Respectfully submitted,

                    PORTALE RANDAZZO LLP

                    By: /s/ James A. Randazzo
                    James A. Randazzo
                    Of Counsel to Matthew I. Gallagher
                    Corporation Counsel for the City of Yonkers
                    *Attorneys for Defendants*
                    245 Main Street, Suite 605
                    White Plains, New York 10601
                    (914) 359-2400
                    jrandazzo@portalerandazzo.com
                    www.portalerandazzo.com

TO: Rondell McGee – 24B5288
   *Plaintiff Pro Se*
   Mohawk Correctional Facility
   6514 Route 26
   P.O. Box 8451
   Rome, New York 13442