UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONDELL McGEE,

                                        Plaintiff,

                -against-

P.O. TERRENC DOYLE, et al.,

                                        Defendants.

**ORDER DENYING
REQUEST FOR PRO BONO
COUNSEL**

7:24-CV-4772 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is denied.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Doc. 8). When Plaintiff filed his Application for the Court to Request Counsel, he did not affirm that his financial status had not changed. (*See* Doc. 66). Even if Plaintiff had demonstrated that he remains qualified as indigent, the Court would not grant the application to request pro bono counsel at this juncture.

Plaintiff alleges claims under 42 U.S.C. § 1983 for violations of the Fourth and/or Fourteenth Amendment arising from the defendants' alleged use of excessive force in connection

with an arrest, seeking damages and injunctive relief, specifically, either the termination of the defendants' employment or their retraining. The Court cannot determine at this juncture whether Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62. Plaintiff argues in his Application for the Court to Request Counsel that his claims are likely to be of substance because they survived a motion to dismiss; but no motion to dismiss was ever filed, nor has the sufficiency of the pleading yet been tested. Plaintiff has also not established that any of the other *Hodge* factors weigh in favor of granting the application, particularly at this early stage in the proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel (Doc. 66) is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:    White Plains, New York
          February 2, 2026

_____
Philip M. Halpern
United States District Judge

3